KENNETH PORTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Porter v. Commissioner
Docket Nos. 19074-83, 36261-84.
United States Tax Court
T.C. Memo 1986-465; 1986 Tax Ct. Memo LEXIS 147; 52 T.C.M. (CCH) 615; T.C.M. (RIA) 86465; September 22, 1986. *147 Petitioner, a practicing psychiatrist, partially prevailed in a Tax Court case involving the deduction of expenses claimed for his own psychotherapy. He then moved for an award of reasonable litigation costs pursuant to section 7430, I.R.C. 1954. Held, respondent's position in the civil proceeding was reasonable and petitioner is not entitled to an award of litigation costs. William T. Holloran and Barbara T. Kaplan, for the petitioner. Frances Ferrito Regan, for the respondent. NIMS
MEMORANDUM OPINION NIMS, *148 Judge: This case is before the Court on petitioner's motion for an award of litigation costs pursuant to Rule 231 and section 7430. [1] The issues for decision are: (1) whether petitioner is a "prevailing party" and, if so, (2) whether petitioner has exhausted the administrative remedies available to him within the Internal Revenue Service. The record in this case consists of the parties' pleadings, motions, memoranda of authority and documents attached to the above. Background
By statutory notices, respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: Additions to Tax
Notice Dated
Year
Deficiency
Sec. 6653(b)
Sec. 6653(a)
9/27/84
1979
$15,929
$7,965
4/12/83
1980
20,278
$1,014
By amended answer, respondent also sought the imposition of the section 6653(b) addition to tax for fraud with respect to the taxable year 1980. The primary issue in this *149 case involved the deduction as ordinary and necessary business expenses of costs incurred by petitioner, a practicing psychiatrist, in undergoing psychotherapy. Petitioner underwent group psychotherapy with Dr. Cornelius Beukenkamp (Dr. Beukenkamp) from January, 1967, through late 1970 or early 1971, when Dr. Beukenkamp left New York and settled in Costa Rica. Petitioner again commenced group psychotherapy with Dr. Beukenkamp in the fall of 1971 and began individual pyschotherapy in 1972. These sessions were conducted in person, by telephone and by audio cassette. During 1979 and 1980, petitioner continued group and individual psychotherapy with Dr. Beukenkamp. The group sessions were held at the Manhattan apartment of John Bing (Bing), a member of the group. During 1979 and 1980, petitioner issued checks payable to the order of Cornelius Beukenkamp totalling $30,349.83 and $37,100, respectively. Bing, however, generally handled the payments made to Dr. Beukenkamp. Approximately once a month, Bing would notify petitioner of the amount he owed to Dr. Beukenkamp for individual and group psychotherapy sessions. Bing would then collect checks on behalf of Dr. Beukenkamp and endorse *150 them with a rubber stamp bearing the doctor's name and his own. Bing deposited these checks in his personal bank account with Chase Manhattan Bank. After depositing the checks, Bing would draw his own check to the order of Chase Manhattan Bank for the total amount collected and purchase a cashier's check. Bing would take the cashier's check to the Bank of Boston which would then transmit funds in the amount of the cashier's check to a bank account maintained by Dr. Beukenkamp in Luxembourg. Respondent argued that petitioner had failed to establish that the amounts deducted were incurred or paid for psychotherapy or that such amounts were received by Dr. Beukenkamp.Alternatively, respondent argued that the amounts in issue were not deductible because Dr. Beukenkamp's psychotherapy methods were not thereapeutic and that the amount of the expenses incurred was not reasonable. We held that Dr. Beukenkamp had received the amounts claimed by petitioner, but that petitioner had failed to establish that Dr. Beukenkamp received payments in excess of $13,000 and $27,175 during 1979 and 1980, respectively, for his performance of psychotherapy.We also held that the substantial evidence offered *151 by petitioner that Dr. Beukenkamp's methods were therapeutic was sufficient to overcome respondent's evidence to the contrary. On the issue of reasonableness, we found that although Dr. Beukenkamp's fees were somewhat high, they were not unreasonable. See Porter v. Commissioner,T.C. Memo. 1986-70. With respect to additions to tax for fraud, we held that petitioner's failure to fully substantiate his claimed expenses was not, standing alone, clear and convincing evidence of fraud. We also stated that the mere fact that petitioner's records were inadequate to substantiate a portion of his claimed dedutions did not require a finding of negligence or intentional disregard of rules and regulations, and we declined to hold petitioner liable for the section 6653(a) additions to tax. Discussion
Pursuant to section 7430, the "prevailing party" in any civil proceeding brought by or against the United States in connection with the determination, collection or refund of any tax, interest or penalty under the Internal Revenue Code may be awarded reasonable litigation costs incurred in such proceeding. In order to award litigation costs to petitioner, we must determine *152 that (1) petitioner satisfies the statutory definition of a "prevailing party" and (2) petitioner exhausted all administrative remedies available to him. Sections 7430(a), 7430(b)(2). Respondent has conceded that the amount of the costs claimed by petitioner is reasonable. To satisfy the statutory definition of a "prevailing party," petitioner must (1) substantially prevail with respect to the amount in controversy or with respect to the most significant issue or set of issues presented and (2) establish that the position of the United States in the civil proceeding was unreasonable. Section 7430(c)(2)(A).Respondent has conceded that petitioner has substantially prevailed and petitioner, therefore, need only establish that the position of the United States was unreasonable in order to be considered a prevailing party. For purposes of section 7430, "the determination of reasonableness should be made based upon all the facts and circumstances surrounding the proceeding and the fact that the Government eventually loses the case should not be determinative." Baker v. Commissioner,83 T.C. 822, 828 (1984), approved as to this statement but vacated and remanded on *153 other grounds 787 F.2d 637 (D.C. Cir. 1986). With respect to making a determination of reasonableness, Congress stated "[t]he Committee intends that the determination by the court on this issue is to be made on the basis of the facts and legal precedents relating to the case as revealed in the record." H. Rept. 97-404 at 12 (1981). We believe that the record in this case establishes the overall reasonableness of respondent's position. We note first that while respondent has conceded that petitioner substantially prevailed, petitioner failed to substantiate over 40 percent of his claimed expenses for psychotherapy. We also take note of the very unusual facts in this case.The payments to Dr. Beukenkamp, who resided in Costa Rica, were passed through a third party's bank account in New York and then forwarded to a bank account in Luxembourg. While Dr. Beukenkamp's tax affairs were not the responsibility of petitioner, respondent clearly had the right to require substantiation of the ultimate beneficiary of the payments and of the purpose for which the payments were made. Dr. Beukenkamp's unusual financial affairs made such substantiation more difficult, and, due to *154 his failure to keep adequate records, petitioner was unable to substantiate the deductibility of over 40 percent of these payments. We cannot hold that respondent's disallowance of the claimed expenses under these circumstances was unreasonable. [2]
Nonetheless, petitioner argues that respondent's attempt to impose additions to tax for fraud establishes the unreasonableness of respondent's position. We again note the unusual facts present in this case. With respect to fraud, respondent bears the burden of proof by clear and convincing evidence. Rule 142(b). Petitioner's substantiation of the nature of his claimed expenses was sufficient to prevent respondent from establishing fraud. As we have held that it was reasonable for respondent to require such substantiation, the additional burden placed upon petitioner by respondent's attempted imposition of additions to tax for fraud was at most de minimis. We do not believe that under these circumstances the attempted imposition of additions *155 to tax for fraud could cause respondent's position in the proceeding to be considered unreasonable. [3]
To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to sections of the Internal Revenue Code of 1954 in effect during the years in question. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In his motion, petitioner appears to be attempting to reargue the merits of the case.This is clearly inappropriate in a motion for award of litigation costs pursuant to section 7430↩.
3. Because we have held that respondent's position was reasonable, we need not address the issue of whether petitioner exhausted his administrative remedies.↩